# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-603V
(Filed:  October 29, 2014)

```
* * * * * * * * * * * * *    *
LAUREN FARB,                 *          UNPUBLISHED
                             *
          Petitioner,        *          Special Master Hamilton-Fieldman
                             *
v.                           *
                             *          Decision on Proffer; Damages;
SECRETARY OF HEALTH          *          Tetanus-Diptheria-Acellular-
AND HUMAN SERVICES,          *          Pertussis ("Tdap") Vaccine;
                             *          Chronic Anaphylaxis.
          Respondent.        *
                             *
* * * * * * * * * * * * *    *
```

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Jennifer Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 20, 2011, Lauren Farb ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that a tetanus-diptheria-acellular-pertussis ("Tdap") vaccine administered to her on April 15, 2009 caused her to suffer from chronic anaphylaxis.  Petition at 1.

Respondent has conceded that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act and recommends that compensation be awarded to

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner. Respondent's Report at 1-2, 7-8, filed January 30, 2012. Informed by Respondent's concession that an award of damages is appropriate, the undersigned finds that Petitioner is entitled to compensation under the Vaccine Act.

On October 29, 2014, Respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, Respondent represents that Petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

A.   **A lump sum payment of $2,387,815.83**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($86,278.89), lost earnings ($2,042,841.89), pain and suffering ($245,000.00), and past unreimbursable expenses ($13,695.05), in the form of a check payable to Petitioner, Lauren Farb.

B.   **A lump sum payment of $33,790.58**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid Lien, payable jointly to Petitioner and

> COMMONWEALTH OF MASSACHUSETTS – CRU
> COMMONWEALTH OF MA
> Casualty recovery
> P.O. Box 417811
> Boston, MA 02241-7811
> Attn: Ms. Kate Gustofson.

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts.

C.   An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer and the attachments to that Proffer.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

LAUREN FARB,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 11-603V
Special Master Hamilton-Fieldman
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

I.    **Items of Compensation**

    A.    Life Care Items

    Respondent engaged life care planner Shelly Kinney, MSN, RN, CCM, CNCLP, and

petitioner engaged Roberta Hurley to provide an estimation of Lauren Farb's future vaccine-

injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described

in respondent's Rule 4(c) Report filed January 30, 2012.  All items of compensation identified in

the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix

A: Items of Compensation for Lauren Farb, attached hereto as Tab A.[1]  Respondent proffers that

Lauren Farb should be awarded all items of compensation set forth in the life care plan and

illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Lauren Farb has suffered a past

loss of earnings and will continue to suffer a loss of earnings in the future.  Therefore,

respondent proffers that Lauren Farb should be awarded lost earnings as provided under the

Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for

Lauren Farb's lost earnings is $2,042,841.89.  Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that Lauren Farb should be awarded $245,000.00 in actual and

projected pain and suffering.  This amount reflects that any award for projected pain and

suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $13,695.05.  Petitioner agrees.

E.    Medicaid Lien

Respondent proffers that Lauren Farb should be awarded funds to satisfy the

Commonwealth of Massachusetts lien in the amount of $33,790.58, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the

Commonwealth of Massachusetts may have against any individual as a result of any Medicaid

payments the Commonwealth of Massachusetts has made to, or on behalf of, Lauren Farb from

the date of her eligibility for benefits through the date of judgment in this case as a result of her

vaccine-related injury suffered on or about April 15, 2009, under Title XIX of the Social

Security Act.

-2-

## II.   Form of the Award

The parties recommend that the compensation provided to Lauren Farb should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $2,387,815.83, representing compensation for life care expenses expected to be incurred during the first year after judgment ($86,278.89), lost earnings ($2,042,841.89), pain and suffering ($245,000.00), and past unreimbursable expenses ($13,695.05), in the form of a check payable to petitioner, Lauren Farb.

B. A lump sum payment of $33,790.58, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioner and

COMMONWEALTH OF MASSACHUSETTS – CRU
COMMONWEALTH OF MA
Casualty recovery
P.O. Box 417811
Boston, MA 02241-7811
Attn: Ms. Kate Gustofson

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts.

C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]   In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]   The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Lauren Farb, only so long as Lauren Farb is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.   <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.   <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Lauren Farb, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Lauren Farb's death.

---

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

| | | |
|---|---|---|
| A. | Lump Sum paid to petitioner, Lauren Farb: | **$2,387,815.83** |
| B. | Medicaid Lien: | **$     33,790.58** |
| C. | An amount sufficient to purchase the annuity contract described above in section II. C. | |

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202)305 -1586

Dated: October 29, 2014

Case 1:11-vv-00603-UNJ   Document 57-1   Filed 10/29/14   Page 1 of 4

Appendix A:  Items of Compensation for Lauren Farb

Page 1 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 — 2014 | Compensation Years 2-5 — 2015-2018 | Compensation Year 6 — 2019 | Compensation Years 7-10 — 2020-2023 | Compensation Year 11 — 2024 | Compensation Years 12-15 — 2025-2028 | Compensation Year 16 — 2029 | Compensation Years 17-20 — 2030-2033 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap | 5% | | M | 2,101.20 | 2,101.20 | 2,101.20 | 2,101.20 | 2,101.20 | 2,101.20 | 2,101.20 | 2,101.20 |
| Medicare Part D Prem. & Ded. | 5% | | M | 1,628.40 | 1,628.40 | 1,628.40 | 1,628.40 | 1,628.40 | 1,628.40 | 1,628.40 | 1,628.40 |
| Medicare Part D Rx Costs | 5% | | M | 8,305.74 | 8,305.74 | 8,305.74 | 8,305.74 | 8,305.74 | 8,305.74 | 8,305.74 | 8,305.74 |
| Benadryl IV | 5% | * | | | | | | | | | |
| Solu Medrol IV | 5% | * | | | | | | | | | |
| Phenergan IV | 5% | * | | | | | | | | | |
| Prednisone | 5% | * | | | | | | | | | |
| Metoprolol Tartrate 50mg | 5% | * | | | | | | | | | |
| Metoprolol Tartrate 25 mg | 5% | * | | | | | | | | | |
| Oxycontin | 5% | * | | | | | | | | | |
| Desipramine | 5% | * | | | | | | | | | |
| Oxycodone | 5% | * | | | | | | | | | |
| Fosamax | 5% | * | | | | | | | | | |
| Promethazine | 5% | * | | | | | | | | | |
| Nystatin | 5% | * | | | | | | | | | |
| Diflucan | 5% | * | | | | | | | | | |
| Mometason Furoate | 5% | * | | | | | | | | | |
| Insulin | 5% | * | | | | | | | | | |
| Benadryl | 4% | | | 194.40 | 194.40 | 194.40 | 194.40 | 194.40 | 194.40 | 194.40 | 194.40 |
| Vit D | 4% | | | 86.40 | 86.40 | 86.40 | 86.40 | 86.40 | 86.40 | 86.40 | 86.40 |
| Miralax | 4% | | | 214.68 | 214.68 | 214.68 | 214.68 | 214.68 | 214.68 | 214.68 | 214.68 |
| Diagnostic Testing | 4% | * | | | | | | | | | |
| Primary Care | 5% | * | | | | | | | | | |
| Immunologist | 5% | * | | | | | | | | | |
| Rheumatologist | 5% | * | | | | | | | | | |
| Endocrinologist | 5% | * | | | | | | | | | |
| Cardiology | 5% | * | | | | | | | | | |
| Mass Lung & Allergy | 5% | * | | | | | | | | | |
| Cardiology Assoc | 5% | * | | | | | | | | | |
| OBGYN | 5% | * | | | | | | | | | |
| Reliant Medical Group | 5% | * | | | | | | | | | |
| Neocate | 4% | | M | 2,780.00 | 2,780.00 | 2,780.00 | 2,780.00 | 2,780.00 | 2,780.00 | 2,780.00 | 2,780.00 |
| Rollator | 4% | * | | | | | | | | | |
| Scooter | 4% | | | 1,500.00 | 1,500.00 | 1,500.00 | | 1,500.00 | | 1,500.00 | |
| Scooter Maint & Repair | 4% | | | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 |

Appendix A: Items of Compensation for Lauren Farb

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2014 | Compensation Years 2-5 2015-2018 | Compensation Year 6 2019 | Compensation Years 7-10 2020-2023 | Compensation Year 11 2024 | Compensation Years 12-15 2025-2028 | Compensation Year 16 2029 | Compensation Years 17-20 2030-2033 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gel Seat | 4% | | | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 |
| Adj Bed | 4% | | | 1,899.00 | | | | 1,899.00 | 189.90 | 189.90 | 189.90 |
| Universal Cuff | 4% | | | 10.39 | 10.39 | 10.39 | 10.39 | 10.39 | 10.39 | 10.39 | 10.39 |
| Raised Toilet Seat | 4% | | | 38.00 | 12.67 | 12.67 | 12.67 | 12.67 | 12.67 | 12.67 | 12.67 |
| Bath Chair | 4% | | | 53.95 | 17.98 | 17.98 | 17.98 | 17.98 | 17.98 | 17.98 | 17.98 |
| Large Gel Cooling Pads | 4% | | | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Dish Towels | 4% | | | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 |
| Washcloths | 4% | | | 16.99 | 16.99 | 16.99 | 16.99 | 16.99 | 16.99 | 16.99 | 16.99 |
| Desitin | 4% | | | 52.00 | 52.00 | 52.00 | 52.00 | 52.00 | 52.00 | 52.00 | 52.00 |
| Mercuroclear | 4% | | | 4.72 | 4.72 | 4.72 | 4.72 | 4.72 | 4.72 | 4.72 | 4.72 |
| Facial Cleanser Wipes | 4% | | | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 |
| First Aid Tape | 4% | | | 38.95 | 38.95 | 38.95 | 38.95 | 38.95 | 38.95 | 38.95 | 38.95 |
| Baggage Fees | 4% | | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Home Care | 4% | | M | 46,200.00 | 46,200.00 | 46,200.00 | 46,200.00 | 46,200.00 | 46,200.00 | 46,200.00 | 46,200.00 |
| Case Mngr | 4% | | M | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 | 2,184.00 |
| Ramp & Stair Lift | 4% | | | 16,700.00 | | | | | | | |
| Lift Battery Repl | 4% | | | | | 80.00 | 16.00 | 16.00 | 16.00 | 16.00 | 16.00 |
| Grab Bars | 4% | | | 80.00 | 5.33 | 5.33 | 5.33 | 5.33 | 5.33 | 5.33 | 5.33 |
| Grab Bar Install | 4% | | | 150.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Life Alert | 4% | | | 454.40 | 359.40 | 359.40 | 359.40 | 359.40 | 359.40 | 359.40 | 359.40 |
| Lost Future Earnings | | | | 2,042,841.89 | | | | | | | |
| Pain and Suffering | | | | 245,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 13,695.05 | | | | | | | |
| Medicaid Lien | | | | 33,790.58 | | | | | | | |
| Annual Totals | | | | 2,421,606.41 | 65,883.92 | 67,463.92 | 65,899.92 | 69,298.92 | 66,089.82 | 67,589.82 | 66,089.82 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($86,278.89), lost earnings ($2,042,841.89), pain and suffering ($245,000.00), and past unreimbursable expenses ($13,695.05): $2,387,815.83.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Commonwealth of Massachusetts, as reimbursement of a Medicaid lien: $33,790.58.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

Appendix A:  Items of Compensation for Lauren Farb

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 21 2034 | Compensation Years 22-Life 2035-Life |
|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | |
| Medigap | 5% | | M | 2,101.20 | 2,101.20 |
| Medicare Part D Prem. & Ded. | 5% | | M | 1,628.40 | 1,628.40 |
| Medicare Part D Rx Costs | 5% | | M | 8,305.74 | 8,305.74 |
| Benadryl IV | 5% | * | | | |
| Solu Medrol IV | 5% | * | | | |
| Phenergan IV | 5% | * | | | |
| Prednisone | 5% | * | | | |
| Metoprolol Tartrate 50mg | 5% | * | | | |
| Metoprolol Tartrate 25 mg | 5% | * | | | |
| Oxycontin | 5% | * | | | |
| Desipramine | 5% | * | | | |
| Oxycodone | 5% | * | | | |
| Fosamax | 5% | * | | | |
| Promethazine | 5% | * | | | |
| Nystatin | 5% | * | | | |
| Diflucan | 5% | * | | | |
| Mometason Furoate | 5% | * | | | |
| Insulin | 5% | * | | | |
| Benadryl | 4% | | | 194.40 | 194.40 |
| Vit D | 4% | | | 86.40 | 86.40 |
| Miralax | 4% | | | 214.68 | 214.68 |
| Diagnostic Testing | 4% | * | | | |
| Primary Care | 5% | * | | | |
| Immunologist | 5% | * | | | |
| Rheumatologist | 5% | * | | | |
| Endocrinologist | 5% | * | | | |
| Cardiology | 5% | * | | | |
| Mass Lung & Allergy | 5% | * | | | |
| Cardiology Assoc | 5% | * | | | |
| OBGYN | 5% | * | | | |
| Reliant Medical Group | 5% | | | | |
| Neocate | 4% | | M | 2,780.00 | 2,780.00 |
| Rollator | 4% | * | | | |
| Scooter | 4% | | | 1,500.00 | 300.00 |
| Scooter Maint & Repair | 4% | | | 75.00 | 75.00 |

Case 1:11-vv-00603-UNJ   Document 57-1   Filed 10/29/14   Page 4 of 4
Appendix A:  Items of Compensation for Lauren Farb

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 21 2034 | Compensation Years 22–Life 2035–Life |
|---|---|---|---|---|---|
| Gel Seat | 4% | | | 55.00 | 55.00 |
| Adj Bed | 4% | | | 189.90 | 189.90 |
| Universal Cuff | 4% | | | 10.39 | 10.39 |
| Raised Toilet Seat | 4% | | | 12.67 | 12.67 |
| Bath Chair | 4% | | | 17.98 | 17.98 |
| Large Gel Cooling Pads | 4% | | | 120.00 | 120.00 |
| Dish Towels | 4% | | | 19.99 | 19.99 |
| Washcloths | 4% | | | 16.99 | 16.99 |
| Desitin | 4% | | | 52.00 | 52.00 |
| Mercuroclear | 4% | | | 4.72 | 4.72 |
| Facial Cleanser Wipes | 4% | | | 71.88 | 71.88 |
| First Aid Tape | 4% | | | 38.95 | 38.95 |
| Baggage Fees | 4% | | | 60.00 | 60.00 |
| Home Care | 4% | | M | 46,200.00 | 46,200.00 |
| Case Mngr | 4% | | M | 2,184.00 | 2,184.00 |
| Ramp & Stair Lift | 4% | | | | |
| Lift Battery Repl | 4% | | | 16.00 | 16.00 |
| Grab Bars | 4% | | | 5.33 | 5.33 |
| Grab Bar Install | 4% | | | 10.00 | 10.00 |
| Life Alert | 4% | | | 359.40 | 359.40 |
| Lost Future Earnings | | | | | |
| Pain and Suffering | | | | | |
| Past Unreimbursable Expenses | | | | | |
| Medicaid Lien | | | | | |
| Annual Totals | | | | 67,589.82 | 66,389.82 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($86,278.89), lost earnings ($2,042,841.89), pain and suffering ($245,000.00), and past unreimbursable expenses ($13,695.05): $2,387,815.83.
As soon as practicable after entry of judgment, respondent shall make the following payment, jointly to petitioner and the Commonwealth of Massachusetts, as reimbursement of a Medicaid lien: $33,790.58.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.